UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MAMIE M. LOPEZ | * | CIVIL ACTION |
| VERSUS | * | CASE NO. 2:22-cv-02174 |
| JERRY NUNN, PROGRESSIVE GULF INSURANCE COMPANY, and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY | * * * * * | SECTION "L" (4)<br>JUDGE: ELDON E. FALLON<br>MAGISTRATE: KAREN WELLS ROBY |

## ORDER AND REASONS

The Court has before it Plaintiff Mamie Lopez' Motion to Remand this matter back to state court. R. Doc. 20. Defendants have responded in opposition. R. Doc. 25. Having considered the briefing and the applicable law, the Court rules as follows.

### I.   BACKGROUND

This claim arises out of alleged personal injury to Plaintiff Mamie Lopez when defendant Jerry Nunn's car collided with Plaintiff's sister's car, which Plaintiff was driving. Nunn allegedly lost control of his car when he was rear-ended by a tractor-trailer. Nunn was allegedly covered at that time by Progressive Gulf Insurance Company.

Plaintiff brought suit in state court first against Nunn and Progressive, asserting that he was liable for her damages due to negligence. Later, Plaintiff amended her complaint to add as defendants Badri Kalandadze, the driver of the tractor-trailer, his insurance company, United Financial Casualty Company, and at that point an unnamed construction company which was allegedly doing road work at the time of the accident. This road work may have narrowed the lanes and contributed to the accident.

Defendants removed this matter to federal court, citing diversity jurisdiction. Plaintiff then settled with Nunn and Progressive, leaving as defendants only Kalandadze, United Financial, and the construction company. Plaintiff filed a second amended complaint naming the construction company as Brown Industrial Construction, LLC ("Brown"), and identifying that company as based in Louisiana. Plaintiff thus now moves this Court to remand this matter back to state court, arguing that the addition of Brown defeats complete diversity, and that this court thus lacks subject matter jurisdiction over her claims.

II.     ANALYSIS

Plaintiff argues that, with the addition of Brown as a non-diverse defendant, this Court can no longer assert diversity jurisdiction over this matter, making remand necessary. Defendants do not contest that Brown is non-diverse, but assert that Brown was fraudulently joined to defeat diversity jurisdiction.

In order to establish fraudulent joinder, the removing party must prove either actual fraud in the pleading of jurisdictional facts, or the inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Smallwood v. Central Ill. Railroad Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc) (quoting *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)). The citizenship of a non-diverse defendant can be ignored for purposes of evaluating diversity jurisdiction if either of these prongs are met. *Williams v. Homeland Ins. Co. of New York*, 18 F.4th 806, 812 (5th Cir.2021), citing *Smallwood*, 385 F.3d at 573.

As the Fifth Circuit has explained, where, as here, Defendants rely on the second prong, "the test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against [the] in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to

recover against an in-state defendant." *Smallwood*, 385 F.3d at 573. To make this determination, the Court "conduct[s] a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id.* To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. *Id.*

This case sounds in simple negligence. The foundation of a negligence case in Louisiana is set out in La. C.C. art. 2315A,, which provides that "[e]very act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." The existence of negligence is examined through the Duty/Risk analysis. *Joseph v. Dickerson*, 754 So. 2d 912, 916 (La. 2000). Courts apply the Duty/Risk analysis by reviewing five separate elements that take into account the conduct of each party and the peculiar circumstances of each case: (1) whether the defendant's conduct was a cause-in-fact of the plaintiff's injuries; (2) did the defendant have a duty to conform his/her/its conduct to a specific standard; (3) whether the defendant breached the duties owed; (4) whether the defendant's conduct was the legal cause of the plaintiff's injuries; and (5) whether the plaintiff has actual damages. *Id.*

Here, Plaintiff has asserted that Brown caused the accident, in whole or in part, by "improperly setting up a lane shift;" "failing to failing to give notice of the lane shift;" "providing inadequate notice of the lane shift;" "failing to reduce the speed sufficiently to allow the drivers to properly handle the lane shifts;" "failing to properly train its employees;" "creating a travel lane that was too narrow to allow for safe navigation of the lane shift;" and/or "any and all negligent acts and/or omissions that are identified during discovery and proven at the trial of this matter." R. Doc. 10 at 2. Taking Plaintiff's assertions as true,, and at this early stage before

discovery has been conducted, this is adequate to state a claim for negligence against Brown under Louisiana law. Accordingly, Defendants have failed to carry their burden to show that Brown was fraudulently joined. This matter must be remanded to state court.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand is hereby **GRANTED**.

New Orleans, Louisiana, this 12th day of April, 2023.

_____
United States District Judge